THE STATE, *Appellant*, v. McGINNIS.

Division Two, February 12, 1895.

Criminal Practice: INDICTMENT, UNCERTAINTY IN.    An indictment which is so vague and indefinite as to fail to inform the accused of the nature of the crime sought to be charged is fatally defective.

*Appeal from Jefferson Circuit Court.*—HON. JAMES F. GREEN, Judge.

AFFIRMED.

*R. F. Walker*, Attorney General, for the state.

*James R. Kinealy* for respondent.

BURGESS, J.—At the September term, 1894, of the circuit court of Jefferson county the defendant was indicted for perjury which was alleged in the indictment to have been committed by him when testifying as a witness in his own behalf, on the seventeenth day of January, 1894, in a cause then pending and upon trial before the Hon. James F. Green, in the circuit court of said county, wherein the defendant was plaintiff and

William Desmond and others were defendants. To the indictment the defendant interposed a demurrer, which was sustained by the court and judgment rendered accordingly, from which the state appealed.

There was a number of causes assigned in the demurrer with respect to the insufficiency of the indictment, which was, we think, properly sustained. The indictment is so indefinite and unintelligible that it is next to impossible to glean from it anything with respect of the crime with which defendant was attempted to be charged, and certainly does not comply with the mandates of the law, which entitles the accused to be informed of the nature and character of the offense with which he is charged. There is scarcely an allegation in it necessary in an indictment for perjury and it would serve no useful purpose to undertake to point out its numerous defects. The judgment is affirmed. All of this division concur.