THE STATE v. EVANS, *Appellant.*

Division Two, May 21, 1895.

1. **Pleading, Criminal:** INDICTMENT: FELONIOUS ASSAULT. An indictment for felonious assault which charges that E. in and upon the body of one S. "feloniously, on purpose and of malice aforethought did make an assault and with a deadly weapon, to wit, a knife of the length of six inches, etc., the said E. did then and there feloniously, on purpose and of his malice aforethought, strike, cut, stab, and thrust, with intent then and there him the said S. to kill and murder," is fatally defective in failing to allege who was cut, struck or stabbed.

2. ———: ———: INTENDMENT. In criminal prosecutions everything constituting the offense must be charged with certainty and clearness and nothing material must be left to intendment or implication.

3. Criminal Law: ASSAULT: IMPERFECT SELF-DEFENSE. An assault, voluntarily made with intent only to commit an ordinary battery, is not made with malice aforethought and will not deprive the assailant of his imperfect right of self-defense. (Approving *State v. Partlow*, 90 Mo. 608.)

*Appeal from Dunklin Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

The following is instruction number 2, given by the court of its own motion, referred to in the opinion:

"No. 2. The right to defend one's self against danger not of his own seeking, is a right which the law not only concedes but guarantees to all men. The defendant may, therefore, have struck the witness Lee Stewart with a knife and still be innocent of any offense against the law. If, at the time he struck the said Stewart with a knife he had reasonable cause to apprehend on the part of said Stewart a design to do him some great personal injury, and there was reasonable cause for him to apprehend immediate danger of such a design being accomplished, and to avert such apprehended danger, he struck said Lee Stewart, and at the time he did so, he had reasonable cause to believe and did believe it necessary for him to use his knife to protect himself from such apprehended danger, then and in that case, such striking was not felonious but was justifiable and you ought to acquit him on the ground of necessary self-defense. It is not necessary to this defense that the danger should have been actual or real, or that the danger should have been impending and immediately about to fall. All that is necessary is that the defendant had reasonable cause to believe and

did believe these facts. But before you acquit on the ground of self-defense, you ought to believe that defendant's cause of apprehension was reasonable. Whether the facts constituting such reasonable cause have been established by the evidence you are to determine, and, unless the facts constituting such reasonable cause have been established by the evidence in this cause you can not acquit in such case on the ground of self-defense, even though you may believe that the defendant really thought he was in danger. But, on the other hand, gentlemen, the law does not permit a person to voluntarily invite or seek a combat, or put himself in the way of being assaulted, in order that when hard pressed he may have a pretext to do harm to his assailant. The right of self-defense does not imply the right of attack, and it will not avail in any case where the difficulty is sought for and induced by the party by any willful act of his, or where he voluntarily and of his own free will entered into it; no matter how imminent his peril may become during the affray. The necessity being of his own creation shall not operate to excuse him. But if he does not bring on the difficulty, nor provoke it, nor voluntarily engage in it, he is not bound to flee to avoid it, but may resist with adequate and necessary force until he is safe. Now if you believe from the evidence in this cause that the defendant voluntarily sought or invited the difficulty in which Lee Stewart was struck with the knife, or that he provoked or commenced or brought it on by any willful act of his own, or that he voluntarily and of his own free will engaged in it, then, in that case, you are not authorized to acquit on the ground of self-defense. In determining who provoked or commenced the difficulty or made the first assault, you should take into consideration all the facts and circumstances in evidence before you."

*Ely & Hawkins* and *J. P. Tribble* for appellant.

(1) The indictment fails to state who was "cut, stabbed, thrust, etc." Such an averment was necessary. 10 Am. and Eng. Encyclopedia of Law, p. 566, sec. 6, note 1. It must be explicit and leave nothing to intendment. 10 Am. & Eng. Encyclopedia of Law, p. 567, sec. 6, notes 1, 2, 3; *Phipps v. State*, 85 Am. Dec. (Md.) 654; *Comm. v. Dean*, 109 Mass. 349. It must be certain as to the injured party. *Harne v. State*, 39 Md. 552. (2) Instruction number 2 given by the court of its own motion is error. *First.* It does not require the acts to have been committed on purpose or with malice aforethought. *State v. Miller*, 93 Mo. 263; *State v. McNamara*, 100 Mo. 100; *State v. Gee*, 85 Mo. 647. *Second.* It does not correctly define the right of self-defense, in that it utterly ignores—in that part speaking with reference to defendant bringing on the difficulty—the intention with which he entered into the affray. *State v. Partlow*, 90 Mo. 608; *State v. Berkely*, 92 Mo. 41; *State v. Parker*, 106 Mo. 217; *State v. Culler*, 82 Mo. 623 (p. 631, per SHERWOOD, J.); *State v. Cable*, 117 Mo. 380; *State v. Gamble*, 119 Mo. 427. He might have intended merely a common battery. He would not then be deprived of the right of self-defense. See citations to *First*, this paragraph. *State v. Partlow*, 90 Mo. 608; *State v. Berkely*, 92 Mo. 41; *State v. Parker*, 106 Mo. 217; *State v. Cable*, 117 Mo. 380; *State v. Gamble*, 119 Mo. 427; *State v. Culler*, 82 Mo. 623 (p. 631, per SHERWOOD, J., dissenting). *Third.* It invades the province of the jury in assuming that the defendant sought or brought on the difficulty by some willful act of his own. The fact of who brought on the difficulty was controverted. The weight of the testimony should have been left where it belonged—to

the jury. The court can not assume a controverted fact as having been proven, and single it out as the basis of an instruction. *State v. Gann*, 72 Mo. 374; *State v. Wheeler*, 79 Mo. 366; *State v. Owen*, 79 Mo. 619; *State v. Kuhlman*, 5 Mo. App. 588; *State v. Tabor*, 95 Mo. 585; *Peck v. Richey*, 66 Mo. 114; 11 Am. & Eng. Encyclopedia of Law, p. 254, sec. 5*d* and note 2. The testimony as to who brought on the difficulty was conflicting and the court had no right to give an instruction on self-defense with reference to who brought on the attack. *State v. Tabor*, 95 Mo. 585. No instruction should be given which assumes as a matter of fact that which is not conceded or established by incontrovertible proof. 11 Am. & Eng. Encyclopedia of Law, p. 255, sec. 5*c*, note 2; *Ins. Co. v. Foley*, 105 U. S. 350; *Bank v. Hunt*, 11 Wall. 391; *Railroad v. Gladmon*, 15 Wall. 401; *Orleans v. Platt*, 99 U. S. 616.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, Assistant Attorney General, for the state.

(1) The indictment is sufficient. It charges the offense of which defendant was charged and stands convicted, closely following the language of the statute under which it is drawn. R. S. 1889, sec. 3489. It was unnecessary to change the venue in the body of the indictment. It is charged in the caption and that is sufficient. *State v. Beaucleigh*, 92 Mo. 490; *State v. Dawson*, 90 Mo. 149. The return of the indictment into open court and its presentment by the grand jury is sufficiently shown, although there is, as a matter of fact, no record entry to that effect. *State v. Lord*, 118 Mo. 1. (2) The judgment in this cause will not be reversed because of the insufficiency of the evidence. Where the guilt of the defendant can be reasonably inferred from all the testimony, this court will not interfere with the finding

of the jury. In this case the guilt of the defendant is clearly established by the testimony. *State v. Cantlin*, 118 Mo. 100. (3) The instructions in this case are sufficient, and present every issue suggested by the indictment and testimony. They are in the usual form, and those given by the court, on its own motion, are so full and complete that it was wholly unnecessary to give any of the instructions asked by the defendant. (4) Nor can it be said that the punishment assessed by the jury is excessive; in fact, the jury assessed the least punishment authorized by law, that of two years in the penitentiary.

SHERWOOD, J.—1. This prosecution, which resulted in the conviction of defendant and his being sent to the penitentiary for two years, is bottomed on section 3489, Revised Statutes, 1889.

The charging portion of the indictment is the following:

"That Solomon D. Evans on or about the third day of September, A. D. 1893, in and upon the body of one Lee Stewart feloniously on purpose of his malice aforethought did make an assault, and with a deadly weapon, to wit, a knife of the length of six inches and of the width of one half an inch, and of the thickness of one eighth, the said Solomon D. Evans did then and there feloniously, on purpose and of his malice aforethought* strike, cut, stab and thrust, with intent then and there him the said Lee Stewart to kill and murder against the peace and dignity of the state.

"R. M. FINNEY,

"Prosecuting Attorney for Dunklin county and state of Missouri."

This indictment, it will be observed, either uses the name of Solomon D. Evans the second time *unintentionally*, and in the place of that of Lee Stewart, or

else it omits to insert at the point of the asterisk the words "in and upon the body of him the said Lee Stewart." As it is, the indictment is fatally defective in that it fails to state *who* it was that was cut, struck or stabbed. In such cases nothing material must be left to intendment or implication. 2 Hawk. P. C., ch. 25, sec. 61.

In criminal prosecutions everything constituting the offense must be set forth with certainty and clearness. *State v. Rector*, 126 Mo. 328.

2. As to the evidence in the cause, it was perhaps sufficient to warrant the result reached by the jury in their verdict. But we can not altogether approve instruction number 2 which will accompany this opinion, given by the court of its own motion, in that it ignores the question whether defendant began the attack with a felonious intent to do Stewart great bodily harm or else to kill him, or only did so with a view merely to inflict personal chastisement upon him for his conduct toward the little boy, who, it seems, was somewhat related to defendant.

Even if defendant began the attack on Stewart "voluntarily and of his own free will," intending only an ordinary battery, such attack though "voluntary" would not be made with *"malice aforethought,"* and would not deprive defendant of his imperfect right of self-defense. *State v. Partlow*, 90 Mo. 608, and subsequent cases. See, also, *Meuly v. State*, 26 Tex. Ct. App. *loc. cit.* 305; *Hash v. Commonwealth*, 13 S. E. Rep. *loc. cit.* 405.

For the errors aforesaid, the judgment should be reversed and the cause remanded. All concur.