THE STATE v. FURGERSON, Appellant.

### Division Two, October 31, 1899.

1. **Indictment**: OMISSION OF "WITH." In an indictment for murder it is necessary that the indictment allege that the assault was committed *with* a certain instrument. If the indictment specifies the instrument but omits to say the assault was made *with* that instrument it is error.

2. ————: ————: CASE STATED. The language used in the indictment in this case was: "Did make an assault, and a certain ax, a deadly weapon, by him the said William Furgerson held in his hands, the said William Furgerson did then and there feloniously, willfully, deliberately, premeditatedly and of his malice aforethought, forcibly strike and beat the said Stephen G. Wilson," etc. *Held*, that without the word *with* there is no averment that the assault was committed with an ax, and therefore the judgment of conviction of murder must be reversed.

3. ————: NO IMPLICATION. The cardinal principal of pleading in prosecutions for felony is that everything constituting the offense must be pleaded with certainty, and nothing left to be implied.

4. **Practice**: PROSECUTING ATTORNEY: IMPROPER REMARKS. The prosecuting attorney in his closing address pointed to the defendant and said: "This man came to my office and upon the information he gave me, the negro James Jones and Mrs. Wilson were arrested. I investigated the case for a few days and found there was nothing in it against them, and that the evidence pointed to that man's guilt." Defendant objected. The court instructed the attorney to confine his remarks to matters contained in the record, these being concerning matters outside the record. *Held*, that the remarks were very improper, and that the suggestion of the court did not cure the wrong.

*Appeal from Grundy Circuit Court.*—HON. PARIS C. STEPP, Judge.

REVERSED AND REMANDED.

O. G. WILLIAMS and S. C. PRICE for appellant.

(1) The indictment in this case is fatally defective in both courts. (a) The first count fails to show, or allege what

State v. Furgerson.

the defendant "assaulted" the deceased "with," or that he assaulted deceased "with" anything. And an intendment can not supply the deficiency. It was held that an indictment charging the defendant "then and there, without lawful authority, molest, disturb, and take into his possession" was fatally defective by reason of the omission of the word "did," and that the court could not supply such omission by intendment. State v. Daugherty, 30 Tex. 360; State v. Hutchinson, 26 Tex. 111. And also in an indictment for felonious assault, where the allegation was did "make an assault in and upon the person of John Long with intent, him, the said Long, then and there kill and murder," etc., it was held that the omission of the word "to" before "kill and murder" was fatal to the sufficiency of the indictment. Jones v. State, 21 Tex. App. 349. (b) The second count has the same defect as the first, in the omission of the word "with" in alleging the assault. State v. Edwards, 19 Mo. 677; 2 Hawk. P. C., ch. 25, sec. 60; Wharton on Crim. Plead. and Prac. (9 Ed.), sec. 275; State v. Rector, 126 Mo. 340; State v. Evans, 128 Mo. 412. (2) The improper remarks of the prosecuting attorney should result in a reversal of the judgment. State v. Pagels, 92 Mo. 311; McDonald & Co. v. Cash & Hainds, 45 Mo. App. 80; Haynes v. Trenton, 108 Mo. 133; Fathman v. Tumilty, 34 Mo. App. 241; Gibson v. Zeibig, 24 Mo. App. 67; State v. Woolard, 111 Mo. 255; State v. Lee, 66 Mo. 167; State v. Barham, 82 Mo. 71; State v. Young, 99 Mo. 682; State v. Jackson, 95 Mo. 652; State v. Mahly, 68 Mo. 319; State v. Ulrich, 110 Mo. 365.

EDWARD C. CROW, Attorney-General, SAM B. JEFFRIES, Assistant Attorney-General, and HARBER & KNIGHT, for the State.

The indictment in this case contains two counts. It will be noticed in each instance the act is not charged in express

words to have been committed "with" the instrument or weapon described. Is this fatal? While, perhaps, it would have been much better pleading to have inserted the word "with" in its proper place instead of eliminating it altogether, yet we do not feel disposed to impose upon it such criticism as will brand it with being reversible error. "It may be stated as a general rule that an indictment will be sufficient which contains the statement of the facts which constitute the offense, in ordinary language, and in such a manner that a person of ordinary intelligence may understand from the indictment that the defendant is charged with having inflicted with felonious intent, a mortal wound upon the deceased, from which the latter died within a year and a day from the time of the stroke, and an indictment will not be held insufficient by reason of a defect which does not tend to prejudice the substantial rights of the defendant on the merits." 10 Ency. of Plead. & Prac. 114; White v. Com., 9 Bush. 178. Section 4115, Revised Statutes, Mo. 1889, provides, among other things, that no indictment shall be deemed invalid, nor shall the trial judgment or other proceedings thereon be stayed, arrested or in any manner affected on account of "any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and the person charged, nor for want of the averment of any matter not necessary to be proved . . . . nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of defendant upon the merits." We do not believe that the elimination of the word "with" invalidates the indictment, for the reason that in other particulars the instrument is regularly drawn, meeting every requirement of the law, and this trivial omission does not create such a defect or imperfection which either prejudices or tends to prejudice the substantial rights of the defendant upon the merits. This proposition has been frequently commented upon by our Supreme Court. State v. Dalton, 27 Mo. 15; State v. McDonald, 67

Mo. 15; State v. McDaniel, 94 Mo. 301; State v. Eaton, 75 Mo. 586; State v. Burnett, 81 Mo. 119.

BURGESS, J.—The defendant was convicted of the crime of murder in the first degree, and his punishment fixed at death, for having on the twenty-fifth day of March, 1897, at Grundy county, killed and murdered one Stephen G. Wilson with an ax.   He appeals.

The indictment leaving off the formal parts is as follows:

"The grand jurors for the State of Missouri, and from the body of Grundy county, duly impaneled, sworn and charged upon their oaths, present and charge that one William Furgerson on the 25th day of March, 1897, at Grundy county, Missouri, in and upon one Stephen G. Wilson, then and there being feloniously, willfully, deliberately, premeditatedly, and of his malice aforethought, did make an assault, and a certain ax, a deadly weapon by him the said William Furgerson held in his hands, the said William Furgerson did then and there feloniously, willfully, deliberately, premeditatedly, and of his malice aforethought, forcibly strike and beat the said Stephen G. Wilson, in and upon the body of the said Stephen G. Wilson, crushing, fracturing and breaking the skull, of the said Stephen G. Wilson, giving to him the said Stephen G. Wilson a mortal wound, of which said mortal wound, he the said Stephen G. Wilson, did then and there instantly die. And so the grand jurors aforesaid, upon their oaths aforesaid, do say that the said William Furgerson, him the said Stephen G. Wilson, in the manner and by the means aforesaid, feloniously, willfully, deliberately, premeditatedly, on purpose and of his malice aforethought, did kill and murder; against the peace and dignity of the State.

"And the grand jurors aforesaid, upon their oaths aforesaid, do further charge and present, that the said William Furgerson on the said 25th day of March, 1897, at said Grundy county, Missouri, in and upon the body of the said Stephen G. Wilson then and there being, feloniously, willfully, deliber-

ately, premeditatedly, on purpose and of his malice afore-
thought did make an assault, and that he the said William
Furgerson some heavy instrument or deadly weapon, to
these jurors unknown, which said instrument, or deadly
weapon, he the said William Furgerson in his hand
then and there had and held, then and there
feloniously, willfully, deliberately, premeditatedly on
purpose and of his malice aforethought, did forcibly strike
and beat the said Stephen G. Wilson, in and upon the body
of the said Stephen G. Wilson, crushing, fracturing, and
breaking the skull of the said Stephen G. Wilson, giving to
him the said Stephen G. Wilson a mortal wound, of which
said mortal wound, he the said Stephen G. Wilson did then
and there instantly die; and so the grand jurors aforesaid,
do say that the said William Furgerson, him the said Stephen
G. Wilson in the manner and by the means aforesaid, felo-
niously, willfully, deliberately, premeditatedly, on purpose and
of his malice aforethought, did kill and murder; against the
peace and dignity of the State."

The trial at which defendant was convicted was the
second one, there having theretofore been a mistrial.

At the time of the homicide defendant and deceased lived
in the city of Trenton, defendant being engaged in the busi-
ness of private detective, and claimed to be in the employ
of a life insurance company in which the deceased held a
policy for five thousand dollars, and as such detective endeav-
oring to find some clue which would lead to the discovery of
the murderer. At that time and for several years prior
thereto the deceased Wilson, was engaged in the restaurant
business, at what was called the Bon Ton restaurant, on Elm
street, in said city. About eleven o'clock on the night of
March 25, 1897, there was a knock at the back door of Wil-
son's place of business. Wilson answered the knock, went
to the door, opened it, passed out upon the platform between
the restaurant building, and the building a few feet distant

which was occupied by him and his wife as a residence.   As he went out he closed the door behind him.   He remained out about five minutes, when he returned, and went to the cash drawer, got some money, and again went back out of the door, and was not afterwards seen alive.

His wife, who was in the restaurant at the time, said she remembered some one knocking at the door and calling to the deceased, and the deceased leaving the room.   After he had been gone fifteen or twenty minutes, she became alarmed, fearing something had happened to him, went to the door, and stepping out upon the platform, called him twice.   In response she received two gurgling sounds.   She then turned and re-entered the restaurant, called the police station over the telephone, asking that some one come at once as there was trouble at the Bon Ton restaurant.   It was some time before an officer came.   Upon search the dead body of the deceased was found lying in the door of the residence leading to the restaurant with his skull badly crushed, and a stick of wood and an ax lying near him, evidently the instruments used by the persons inflicting the deadly wound.

Circumstances adduced upon the trial tended to show defendant's guilt.   The defenses were not guilty and alibi.

1.   It is insisted by defendant that both counts of the indictment are bad, the first because it fails to show or allege that defendant assaulted deceased "with" an ax or anything else.   The language used was:   "Did make an assault, and a certain ax a deadly weapon, by him the said William Furgerson held in his hands, the said William Furgerson did then and there feloniously, willfully, deliberately premeditatedly and of his malice aforethought, forcibly strike and beat the said Stephen G. Wilson," etc.

In prosecutions for felony it is a cardinal principle that everything constituting the offense must be pleaded with certainty, and nothing left to be implied.   [State v. Evans, 128

Mo. 406.] Without the word "with" there is no averment that the assault was committed with an ax, and it is only by implication that it can be so held. Mr. Hawkins says that "in an indictment nothing material shall be taken by intendment or implication." [2 Hawk., P. C., ch. 25, sec. 60.] Without the word "with" there is no connection between the instrument of death and the assault.

In Shay v. People, 4 Parker's Criminal Cases, 353, the indictment which was for murder, charged that "the said M. S. a certain knife, which he, the said M. S., in his right hand then and there had and held, him, the said J. L., in and upon the forehead, then and there willfully and feloniously and of his malice aforethought, did beat, strike, stab, cut and wound, giving unto the said J. L., then and there, with the knife aforesaid, in and upon the forehead of him, the said J. L., one mortal wound," etc., etc., and while it was held on error, that the clerical omission of the word "with" before the words "a certain knife," did not vitiate the indictment, the offense being sufficiently charged in the latter part of the indictment, in which it is alleged that "the said J. L. then and there with the knife aforesaid, in and upon the forehead of him, the said J. L. one mortal wound," etc., it was clearly intimated that but for this averment the indictment would have been held bad. But in the case at bar it does not appear, nor is it alleged that the ax caused the mortal wound. Our conclusion is that the first count is bad.

The second count is also bad, for the reason that it does not conclude that the grand jurors upon their oath do say but concludes as follows: "And so the grand jurors aforesaid do say that the said William Furgerson, him the said Stephen G. Wilson in the manner and by the means, etc., did murder," instead of alleging that the grand jurors aforesaid upon their oath do say, etc. [State v. Meyers, 99 Mo. 107; State v. Stacy, 103 Mo. 11.]

2.   It is insisted that the tenth instruction given upon the part of the State was prejudicial error because given while the case was being argued to the jury by defendant's counsel, but there is no merit in this contention.   The court had the right to give the jury further or additional proper instructions at any time before their verdict.

3.   The first and third instructions on the part of the State are criticised upon the ground that in each of them the jury were told that they might find the defendant guilty under either count in the indictment, and as the second count is clearly bad it is impossible to say under which count they found defendant guilty.   But as both counts are bad, and the defendant will have to be re-indicted if again tried for the offense, it is unnecessary to pass upon the question.

The State's instructions generally are criticised by defendant but in so far as we have been able to perceive without any substantial ground therefor.   Taken in connection with those given on behalf of defendant they presented the case very fairly to the jury.   There was no error in giving or refusing instructions.

While the prosecuting attorney was making the closing address to the jury, he pointed to the defendant and said: "This man came to my office and upon the information he gave me, the negro James Jones and Mrs. Wilson were arrested. I investigated the case for a few days and found that there was nothing in it against them, and that the evidence pointed to that man's guilt."   Defendant objected and excepted to the use of this language, whereupon the court directed the attorney to confine his remarks to matters contained in the record.

There can be no question as to the impropriety of these remarks, and they should not have been indulged in.   They were with respect to matters not in evidence, general statements of defendant's guilt, which he had no opportunity to deny or explain.   They were simply assertions, which were

State v. Kuhlman.

not susceptible of proof and the jury were not even directed by the court to disregard them nor did he rebuke the attorney for their unwarranted use. The gentle suggestion that he keep in the record, was not adequate to the occasion.

For these considerations we reverse the judgment and remand the cause. GANTT, P. J., concurs; SHERWOOD, J., absent.