THE STATE, Appellant, v. HEINZMAN.

Division Two, February 3, 1903.

Indictment: USE OF "WITH." Where the homicidal act is committed by shooting with a pistol or gun, it is not necessary to allege that the shooting was done "with" a pistol or gun, if the indictment contains all other necessary averments. The word "with" is' necessary when without it there is no connection between the instrument of death and the assault. But if it appears from the indictment how and by what means the homicidal act was committed, and the averment in that respect is specific without the use of the word "with," its use would be unnecessary, and it should find no place in the indictment in that connection. [Overruling State v. Prendible, 165 Mo. 329, in so far as it overrules State v. Turlington, 102 Mo. 642, since the Turlington case is in line with the precedents and the great weight of authority.]

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

REVERSED AND REMANDED *(with directions).*

*Edward C. Crow,* Attorney-General, *Sam B. Jeffries,* Assistant Attorney-General, and *Jerry M. Jeffries* for the State.

Is the indictment sufficient? It does not use the word, "with," in charging the assault made with revolver and bullet. It would have been better pleading to have inserted the word, "with," in its proper place instead of eliminating it as was done here; yet we

do not think the indictment defective as drawn when considered as a whole. State v. Ferguson, 152 Mo. 92; Shay v. People, 4 Perkin's Criminal Cases 353; State v. Burns, 99 Mo. 471. The charge in the indictment need not be more definite than the evidence requisite to support it. State v. Patterson, 73 Mo. 695. A portion of the indictment may be stricken out, and if enough remains to make a valid and substantial charge of the crime intended to be charged, it will still be held sufficient. State v. Meyers, 99 Mo. 107; State v. McComas, 11 Mo. 116. We think the indictment sufficient, in that it sets out facts which constitute an assault made by defendant with the deadly weapon with which the homicide was committed, and in such cases do not believe it imperative to use the word "with."

*P. F. Greenwood* and *A. D. Risdon* for appellant.

BURGESS, J.—Defendant was indicted in the circuit court of Adair county, for murder in the second degree, for shooting and killing with a pistol one James Munyon, at said county, on April 26, 1899.

The indictment, leaving off the formal parts, reads as follows:

"The grand jurors for the State of Missouri, summoned from the body of Adair county, State aforesaid, impaneled, sworn, and charged to inquire within and for the body of the county of Adair, State of Missouri, aforesaid, on their oath present and charge that one John Heinzman, late of Adair county, aforesaid, on the twenty-sixth day of April, A. D. 1899, at and in the county of Adair and State of Missouri, aforesaid, in and upon one James Munyon, then and there being, feloniously, willfully, on purpose, and of his malice aforethought, did then and there make an assault, and a certain revolving pistol, commonly called a revolver, then and there loaded with gunpowder and a leaden bullet, the said pistol so loaded as aforesaid being then and there a dangerous and deadly weapon, which he

the said John M. Heinzman then and there in his right
hand had and held, at and upon and against him the
said James Munyon then and there willfully, feloni-
ously, on purpose, and of his malice aforethought did
shoot off and discharge, then and there and thereby,
with the bullet aforesaid, feloniously, willfully, on pur-
pose and of his malice aforethought striking him the
said James Munyon in and upon the back of the head
of him the said James Munyon, then and there and
thereby feloniously, willfully, on purpose, and of his
malice aforethought, giving to him the said James Mun-
yon, in and upon the back of the head of him the said
James Munyon, one mortal wound, of the diameter of
one half of an inch, and of the depth of three and one-
half inches; of which said mortal wound he the said
James Munyon, from the said twenty-sixth day of April,
A. D. 1899, until the sixth day of May, A. D. 1899, in
the city of Kirksville, in said county of Adair and State
of Missouri, did languish and languishing did live; on
which said sixth day of May, A. D. 1899, he the said
James Munyon at said city of Kirksville in said county
of Adair and State of Missouri, of the mortal wound
aforesaid, died; and so the grand jurors aforesaid, on
their oath aforesaid, do say that the said John M.
Heinzman, him the said James Munyon, in the manner
and by the means aforesaid, feloniously, willfully, on
purpose, and of his malice aforethought did kill and
murder; against the peace and dignity of the State.''

Thereafter, on application of the defendant, the
venue of said cause was changed to the circuit court of
the county of Macon, where, upon a trial had, he was
convicted of manslaughter in the fourth degree, and
his punishment fixed at two years' imprisonment in the
penitentiary. Defendant then filed motion for a new
trial, and in arrest. The motion for new trial was over-
ruled, but the motion in arrest sustained upon the
ground that the indictment fails to charge ''with'' what
the assault was made.

The court was evidently governed in its rulings by
the recent case of State v. Prendible, 165 Mo. 329, but

that case should no longer be followed upon that question.

Where the homicidal act is committed by shooting with a pistol or gun, it is not necessary at common law to allege that the shooting was done "with" a pistol or gun, as the case might be, if the indictment contained all other necessary averments.

In the case in hand the charge is "a certain revolving pistol, commonly called a revolver, then and there loaded with gunpowder and a leaden bullet, the said pistol so loaded as aforesaid being then and there a dangerous and deadly weapon, which he the said John M. Heinzman then and there in his right hand had and held, at and upon and against him the said James Munyon then and there willfully, feloniously, on purpose, and of his malice aforethought, did shoot off and discharge, then and there and thereby, with the bullet aforesaid, feloniously, willfully, on purpose and of his malice aforethought striking him the said James Munyon in and upon the back of the head of him the said James Munyon, then and there and thereby feloniously, willfully, on purpose, and of his malice aforethought, giving to him the said James Munyon, in and upon the back of the head of him the said James Munyon, one mortal wound," etc.

It thus clearly appears from the indictment in this case how and by what means the homicidal act was committed, and the averment in that respect could not have been made more specific by the use of the word "with." Indeed, that word has no place in that part of the indictment quoted, and its use would have been wholly unnecessary. The indictment is in almost the exact language of the form of indictment for murder by shooting with a pistol or gun to be found in Wharton's Precedents of Indictments and Pleas, in which the word "with" is not used. [1 Wharton on Precedents of Indictments and Pleas, 115.] And it is also in accord with the form laid down by Mr. Chitty for the same kind of offense. [3 Chitty's Criminal Law, 752.]

In the case of the State v. Turlington, 102 Mo. 642,

on an indictment for murder it was ruled that the insertion of the word "with" before the words "a certain pistol" was needlessly and improperly inserted, but did not vitiate the indictment.

State v. Evans, 158 Mo. 589, was a prosecution for murder committed by shooting with a pistol, and it was claimed on the authority of Furgerson's case, 152 Mo. 92, that the indictment was bad because it did not use the word "with" in charging the assault, but GANTT, J., in speaking for the court, said: "The learned counsel also misapprehends the Furgerson case as to the failure to use the preposition 'with.' In those cases without said word there was no averment with what the homicidal act was done, but a reference to the indictment in this case will demonstrate that there was no such omission. On the contrary, the charge is clear and explicit, that the defendant, 'a certain pistol then and there charged with gunpowder and a leaden bullet, which said pistol, he the said James Evans in his right hand then and there had and held, then and there feloniously, willfully, deliberately and premeditatedly and of his malice aforethought did discharge and shoot off, to, against and upon the said Alexander St. Aubin and that the said James Evans with the leaden bullet aforesaid out of the pistol aforesaid, then and there by force of the gunpowder aforesaid, by the said James Evans discharged and shot off as aforesaid, then and there feloniously, willfully, deliberately, premeditatedly and of his malice aforethought did strike, penetrate and wound him, the said Alexander St. Aubin." No more specific charge of how and by what means the homicidal act was committed is to be found in the precedents of criminal pleading. It follows the objections to the indictment are without merit.

While in the subsequent case of State v. Prendible, supra, it was said that the use of the word "with" before the words "a certain weapon" did not vitiate the indictment, it was also said without that word the indictment would have been fatally defective because of lacking a statement showing what was the lethal wea-

pon employed in the felonious act, and Turlington's case, in so far as it holds that the insertion of the word "with" before the words "a certain pistol" was needlessly and improperly inserted, overruled.

Turlington's case is, we think, in line with precedents, and the great weight of authority, and the case of State v. Prendible, supra, in so far as it overrules it, should be overruled.

Our conclusion is that the indictment is good, and is not vulnerable to the objection urged against it.

The judgment is reversed and the cause remanded with direction to the trial court to enter up judgment in accordance with the verdict of the jury.    All concur.