## STATE OF MISSOURI, Appellant, v. GASSARD et al., Respondents..

**St. Louis Court of Appeals, December 1, 1903.**

1. **PRACTICE:** Criminal: Indictment. In an indictment, nothing material should be taken by intendment or implication, but everything constituting the offense must be pleaded with certainty and clearness.

2. ———: ———: ———. An indictment against the judges of an election, for failure to count the ballots cast for and against a·constitutional amendment, which does not aver that the failure to count was willful, or state whether the count was falsified for or against the constitutional amendment, or whether the count was exaggerated or. reduced from the correct returns of the ballots cast, is fatally defective.

Appeal from St. Louis Court of Criminal Correction.— *Hon. L. A. Steber,* Judge.

AFFIRMED.

*Chas. P. Williams* for appellant.

(1) The indictment is sustainable under either section 2105, section 2118, or sections 2751 and 7256, Revised Statutes 1899. (2) The contention as to misjoinder in official delinquency is not borne out by common-law decisions. Regina v. Atkinson, 2 Lord Raymon 1248; Lake's case, 3 Leon 268. (3) The indictment is sufficiently full and definite to inform the defendants of the offense wherewith they stand charged.

REYBURN, J.—The State has appealed from the judgment of the St. Louis Court of Criminal Correction sustaining a demurrer and motion to quash, assigning as reasons that there was a misjoinder of parties,

as the offense charged was of such a character that two parties could not be charged jointly as guilty thereof; that the indictment was indefinite, vague and uncertain, and failed to sufficiently inform defendants of the offense with which they were charged; the indictment being in the following language:

"The grand jurors of the State of Missouri, within and for the body of the city of St. Louis, now here in court, duly impaneled, sworn and charged, upon their oaths present; that on the 4th day of November, one thousand nine hundred and two, at the city of St. Louis aforesaid, the same being the Tuesday after the first Monday in November of said year, at the city of St. Louis aforesaid, and in each ward and election precinct of the said city, a general election was held pursuant to the Constitution and laws of the State of Missouri, and that at said election there was submitted to the people of the city of St. Louis for their choice and election, certain proposed amendments to the Constitution of said State, and that at said city of St. Louis and on said day, Samuel Gassard, John J. Shea and W. W. Wilkinson were the duly appointed and qualified judges of election for said election in the Second precinct of the Twenty-second ward of said city, and that it was their duty then and there, upon the close of the balloting at said election, to make a careful count and canvass of all votes cast at said election precinct, both for and against the said proposed constitutional amendments, and duly certified to the board of election commissioners a true count of such votes cast, but that the said Samuel Gassard, John J. Shea and W. W. Wilkinson were then and there willfully guilty of neglect of their aforesaid duty, and did then and there neglect to truly and properly count the ballots cast at the said election in said precinct for and against the said constitutional amendments, contrary to the form of the statutes in such case made and provided and against the peace and dignity of the State."

There appears to be scarcely a principle in criminal pleadings more inflexibly and generally established and upheld, than that in an indictment nothing material shall be taken by intendment or implication; that in all prosecutions for felonies everything constituting the offense must be pleaded with certainty and clearness— nothing must be left to be implied. State v. Thierauf, 167 Mo. 429; State v. Hagan, 164 Mo. 654; State v. Phelan, 159 Mo. 122; State v. Patterson, 159 Mo. 98; State v. Evans, 128 Mo. 406; State v. Rector, 126 Mo. 328; State v. McGinnis, 126 Mo. 564.

This indictment conspicuously fails to set forth the allegations, wherein consisted the offense, and is too vague and indefinite to meet the constitutional requirement, and the right of defendant to be informed of the nature and character of the offense for which he is arraigned.

It is not averred that the failure to truly and properly count the ballots was in itself willful; nor does it appear how the criminal violation of official duty was committed, or in what direction such breach tended, whether the count was falsified for or against the constitutional amendment, whether the count was exaggregated or reduced from the correct returns of the ballots cast at the election. As a criminal pleading, obligated to advise the defendants of the violations of law with which they were accused, it is signally and fatally defective, and the ruling of the presiding special judge was fully authorized and correct in sustaining the demurrer and motion to quash. The judgment is, therefore, affirmed. *Bland, P. J.,* and *Goode, J.,* concur.