STATE OF MISSOURI, Respondent, v. JOHN SCHOMERS, Appellant.

Springfield Court of Appeals, December 11, 1913.

1. CRIMINAL LAW: Information: Essentials of. It is not essential that an information conform strictly and technically to the rules of grammar and rhetoric. It is only necessary that it should inform the defendant of the nature and cause of the accusation.

On Motion for Rehearing.

2. COURTS: Supreme Court: Decisions of: Binding Effect. The decisions of the Supreme Court of Missouri are binding on the appellate courts.

3. CRIMINAL LAW: Information: Common Assault. An information for common assault may be good without any averment as to striking, beating or wounding.

4. ———: Common Assault: Information Examined: Held Sufficient. An information for common assault is examined, and, though criticised as being carelessly drawn and faulty in construction, *held* sufficient to fully inform the defendant of the nature and cause of the accusation against him.

Appeal from Phelps County Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Holmes & Holmes, Bland & Murphy* for appellant.

The information charges no offense. State v. Evans, 128 Mo. 406; State v. Clark, 147 Mo. 20; State v. Meadows, 156 Mo. 110; State v. Thothos, 147 Mo. App. 596; Diaz v. State, 39 Am. Dec. (Ind.) 448; Padgett v. State, 78 N. E. (Ind.) 663; State v. Griffin, 20 So. (La.) 905; Jones v. State, 19 Miss. (11 Smedes & M.) 315; Wimberly v. State, 7 Tex. App. 329; Brown v. State, 109 S. W. (Tex.) 188; State v. Patrick, 3 Wis. 812.

ROBERTSON, P. J.—The defendant was convicted of common assault and has appealed to this court. The information upon which his conviction is based reads as follows, omitting the caption, signature and jurat:

"Corrie L. Arthur, prosecuting attorney within and for the county of Phelps and State of Missouri, upon his official oath, here informs the court that, on or about the —— day of November, 1912, at and in the county of Phelps and State of Missouri, one John Schomers, did then and there, in and upon one Tim Birmingham, feloniously, on purpose and of his malice aforethought, did make an assault, and with a deadly weapon, to-wit, a stick of wood of the length of about two feet, of the thickness of about $1\frac{1}{2}$ inches and of the weight of about two pounds, commonly called a 'billy,' him, the said John Schomers, did then and there feloniously on purpose and of his malice aforethought, strike, beat and wound, with intent then and there, him, the said Tim Birmingham feloniously, on

purpose and of his malice aforethought, to kill and murder, against the peace and dignity of the State."

The only complaint made in behalf of the defendant is that this information "charges no offense; it plainly and unmistakably charges the appellant (defendant) with beating and wounding himself with the intent to kill and murder Tim Birmingham." We do not so hold. The information, divested of the explanatory, surplus and qualifying words, would read as follows: "That one John Schomers did upon one Tim Birmingham make an assault and, with a deadly weapon him (Birmingham), the said John Schomers, did then and there strike, beat and wound, with the intent, him, the said Tim Birmingham to kill."

The insistence upon behalf of the appellant appears to us so unjustifiable that we do not deem it necessary to consume time or space to further discuss the question, except to cite the case of State v. Zorn, 202 Mo. 12, 45, 100 S. W. 591, holding that it is not essential for an information to strictly and technically conform to the rules of grammar and rhetoric if it fully and sufficiently informs the defendant of the nature and cause of the accusation. The information involved here is clearly sufficient to accomplish this end, and, therefore, the judgment of the trial court is affirmed. All concur.

## ON MOTION FOR REHEARING.

PER CURIAM.—The defendant urges on us a reconsideration of this case on the ground that the opinion is in conflict with State v. Evans, 128 Mo. 406, 31 S. W. 34, wherein an indictment similar to this one is held bad. Reminded that the decisions of the Supreme Court are binding on us, we have given this case much thought. We have concluded, though not without some doubt, that the former opinion should stand. An in-

formation for common assault may be good without any averments as to striking, beating or wounding. [See the information held good in State v. Cox, 43 Mo. App. 328.] The information in this case differs from that in the Evans case, supra, in that in that case there was no object to the verbs "strike, cut, stab and thrust." In that case the court said of the indictment: "As it is, the indictment is fatally defective in that it fails to state who it was that was cut, struck or stabbed." Such is not this case, as it is here claimed that the person charged to have been "struck, beaten and wounded" is the defendant himself. · It is evident that the pronoun "him" is the object of such verbs and the whole question is as to whom "him" refers, to the defendant or the person assaulted. The defendant contends that the indictment can only be read with "him" referring to John Schomers, the defendant, that is, did "strike, beat and wound him, the said John Schomers." We think, however, that it can also be read with "him" as the object referring to Tim Birmingham, that is, "him (Tim Birmingham), the said John Schomers did then and there strike, beat and wound." Where it is possible, without doing much violence to the language used, we think we should adopt that reading which upholds the indictment rather than one which destroys it. This is especially true where, taking the indictment as a whole, there is no doubt but that such is the reading and meaning intended and no one reading it would misunderstand it. This indictment was carelessly drawn and a close analysis shows faulty grammatical construction. This case, however, comes to us as a misdemeanor and many cases will be found holding that the clearness and accuracy required in criminal pleadings is often relaxed in misdemeanors. The Evans case, supra, is rather an extreme case even for a felony. That case was reversed and *remanded* on other grounds. The only case there cited by SHERWOOD, J., on this point

is State v. Rector, 126 Mo. 328, 23 S. W. 1074. That opinion was also written by Judge SHERWOOD and on the part of it dealing with this point the other judges expressed no opinion and it is the opinion of the writer only. While this Evans case has been cited as to the general statement of the law, that in criminal pleading nothing material must be left to intendment or implication, it seems not to have been cited as to the particular defect bearing on this case. It is highly technical and we are not disposed to extend the ruling there made to an information any less faulty than the one there considered. We are persuaded that the information here fully informed the defendant of the nature and cause of the accusation against him and that he was not prejudiced in the least in making any defense he had by reason of any defect in the language of the information. The motion for rehearing is overruled.