## THE STATE v. EARNEST HOWARD BARNES, Appellant.

### Division Two, March 13, 1920.

1. **INFORMATION: Sufficiency: All Words of Statute.** The Constitution declares that in criminal prosecutions the accused shall have the right to "demand the nature and cause of the accusation," and that means that the information shall specifically bring the accused within all the material words of the statute he is charged with having violated. In criminal pleading it is an inflexible rule that, in the indictment or information for a felony, nothing can be left to intendent or implication.

2. ———: **Carnal Knowledge: Age of Accused.** Where the statute in force at the time declared that "if any person over the age of seventeen years shall have carnal knowledge of any unmarried female of previous chaste character," etc., he shall be guilty of a felony, an information charging that the defendant was "then and there over the age of sixteen years," is fatally defective. To have been a sufficient information it should have specifically alleged that he was at the time over the age of seventeen years. [Distinguishing State v. Allen, 267 Mo. 49, and State v. Volz, 190 S. W. 307.]

3. ———: ———: ———: **Cured by Evidence.** Nor was such fatal defect in the information cured by testimony showing that at the time the offense was committed defendant was over seventeen years of age.

4. ———: ———: ———: **Statute of Jeofails.** Nor is the fatal defect in the information alleging defendant was over the age of sixteen years of age at the time the offense was committed, when the statute requires him to have been over seventeen years of age, cured, after verdict of guilty, by the Statute of Jeofails (Sec. 5115, R. S. 1909).

5. **EVIDENCE: Cross-Examination of Own Witness: New Matter.** Where a witness for defendant, on his cross-examination by the State, has testified to material new matter, the counsel for defendant, in re-examining him as to such new matter, is entitled to a specific answer, and an objection to such re-examination is not to be sustained on the theory that he is defendant's witness and defendant's counsel is not entitled to cross-examine him. The new matter having been brought out by the State, defendant is en-

titled to have the witness state exactly what defendant said to him, and not his mere conclusion.

6. **JUDGMENT: Carnal Knowledge: Seduction.** Where defendant is charged with statutory rape, a judgment finding him guilty of seduction is erroneous.

Appeal from Newton Circuit Court.—*Hon Charles Henson*, Judge.

REVERSED AND REMANDED.

*M. E. Benton* and *Horace Ruark* for appellant.

(1) The information is bad in that everything charged in the information may be true and the defendant still not guilty of any offense. He might have been over sixteen and under seventeen years of age at the time of the alleged crime. State v. Wade, 267 Mo. 256; State v. Bengsch, 170 Mo. 104; State v. Thieraup, 167 Mo. 429; State v. Hogan, 164 Mo. 654; State v. Buster, 90 Mo. 518; State v. Timeus, 232 Mo. 184; State v. Phelan, 159 Mo. 122; State v. Holden, 48 Mo. 93; State v. Hesseltine, 130 Mo. 468; State v. Evers, 49 Mo. 542; 2 Bishop, Criminal Procedure, sec. 818; Schramm v. People, 220 Ill. 16; Hubert v. State, 74 Neb. 220. It is the cardinal rule of criminal pleading, that in an indictment or information for felony, the information must charge every essential fact constituting the offense with certainty. Nothing can be left to intendment or implication. State v. Timeus, 232 Mo. 177; 1 Bishop's Criminal Procedure, sec. 81; State v. Rector, 126 Mo. 340; State v. Ferguson, 152 Mo. 92; State v. Hall, 130 Mo. App. 174; State v. Basket, 52 Mo. App. 389; State v. Sparrow, 52 Mo. App. 374; State v. Raymond, 54 Mo. App. 425. This defect in the information is not cured by the Statute of Jeofails. State v. Meek, 70 Mo. 358; State v. Cline, 264 Mo. 416; State v. Woodward, 191 Mo. 631; State v. Blan, 69 Mo. 317; State v. Green, 111 Mo. 588. (2) The court erred in refusing to permit the defendant to re-examine the witness Lee Boydston as to matters brought out by the

State in cross-examination. State v. Coats, 174 Mo. 423; 14 Ency. Evidence, 619; 8 Ency. Pleading and Practice, 124-125.

*Frank W. McAllister*, Attorney-General, *Lewis H. Cook*, Special Assistant, for respondent.

(1) The information follows the approved form of this court in all material matters with one exception. State v. Perrigan, 258 Mo. 233. (2) The information was drawn under Sec. 4472, R. S. 1909, and reads in part that "he, the said Earnest Howard Barnes, being then and there over the age of sixteen years," etc. The carnal knowledge occurred on February 25, 1917. The Laws 1913, p. 219 (approved March 25, 1913), amend Sec. 4472, R. S. 1909, so that this part of the information should have read "over the age of seventeen years." The evidence conclusively shows by the testimony of the mother of the defendant and other witnesses that he was nineteen years old at the time of the carnal intercourse alleged. So this erroneous averment as to the statutory minimum does not prejudice defendant in any way. State v. Allen, 267 Mo. 49; State v. Volz, 190 S. W. 307. (3) The defendant was charged with carnal knowledge of a woman between the ages of fifteen and eighteen years of age and convicted of this charge. The record shows that when sentence was pronounced defendant was sentenced to the penitentiary not for the carnal intercourse of which he had been convicted, but for seduction. Unless it can be said that carnal knowledge, statutory rape and seduction can be used synonymously the case should be reversed and remanded. In the case of State v. Weber, 272 Mo. 475, appellant was charged under Sec. 4472, R. S. 1909, as amended by Laws 1913, p. 219, with carnally knowing a woman between fifteen and eighteen years of age and a general verdict was returned finding defendant guilty as charged, etc. The opinion states that the information charges statutory rape. The material elements of the crime are identical

and so it is in seduction. While the sentence is not strictly in accord with the verdict the departure is one of language merely. If this contention is not well taken, we concede, by the authority of State v. Duff, 253 Mo. 415, 423, that this is no judgment. If so, we respectfully ask that the court reverse the case and remand it back to the Newton County Circuit Court in order that the defendant may be properly sentenced.

RAILEY, C.—On October 9, 1918, the prosecuting attorney of Newton County, filed in the circuit court of said county, an information, which, without formal parts, reads as follows:

"Now comes Leo H. Johnson, Prosecuting Attorney within and for the County of Newton in the State of Missouri, under his oath of office and upon his information and belief and upon the duly verified affidavit of Edith J. Cherry, informs the court and presents and charges to the court that:

"Earnest Howard Barnes, on the 25th day of February, A. D. 1917, at the County of Newton and State of Missouri, did unlawfully and feloniously make an assault upon one Edith J. Cherry, he, the said Earnest Howard Barnes, being then and there a person over the age of sixteen years, and she, the said Edith J. Cherry, being then and there an unmarried female of previous chaste character and between the ages of fifteen and eighteen years of age, to-wit, of the age of fifteen years; and her, the said Edith J. Cherry, he, the said Earnest Howard Barnes, did then and there unlawfully and feloniously have carnal knowledge of abuse contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

On October 14, 1918, defendant waived formal arraignment and entered his plea of not guilty. The case was tried before a jury on February 28, 1919, and on said date the following verdict was returned:

"We, the jury, find the defendant guilty and assess his punishment at 2 years in the penitentiary."

Defendant, in due time, filed his motions for a new trial and in arrest of judgment. Both motions were over-ruled, sentence pronounced on defendant, and judgment entered on the verdict aforesaid.

In due time and form, defendant was granted an appeal to the Supreme Court.

His counsel have filed a brief in this court, the first page of which, contains the following:

"The evidence shows the usual contradiction of testimony. The prosecuting witness, Edith Cherry, affirming and the defendant denying the act of intercourse. The evidence is sufficient to sustain the verdict of the jury, and the appellant makes but two contentions upon this appeal. First: That the information is bad; and second, that the court erred in refusing to permit the re-examination of a witness, Lee Boydston."

The evidence of the State tends to show that the sexual intercourse complained of occurred in Newton County, Missouri, on February 25, 1917; that Edith J. Cherry, the prosecutrix, was then over fifteen years of age and under eighteen years of age; that she had never had sexual intercourse with any one prior to said date; that as a result of the above act of sexual intercourse, the prosecutrix, on November 24, 1917, gave birth to a baby girl; that the defendant was the father of said child; that defendant on said 25th day of February, 1917, was over the age of seventeen years; that prosecutrix was an unmarried female at the time of trial, and had never been married.

The evidence of defendant tended to contradict that of respondent, except as to defendant's age. Appellant likewise offered testimony tending to show that prior to February 25, 1917, the reputation of the prosecutrix in that neighborhood for chastity, was bad. He likewise offered testimony tending to show that on February 25, 1917, he was in Oklahoma, etc.

Appellant, in his abstract of the record, says: "As no question is raised by the defendant as to the giving or refusing of instructions, they are not set out herein."

We have examined the instructions given by the court and find that they fairly, correctly and fully cover all the issues in the case.

Such other matters, appearing of record, as may be necessary, will be considered in the opinion.

I. Appellant, in his motion in arrest of judgment, as well as in his brief on file here, challenges the sufficiency of the information heretofore set out. As the act complained of, is said to have occurred on February 25, 1917, the validity of the information will have to be determined under Section 4472, Revised Statutes 1909, as amended by the Act of 1913, Laws of 1913, at pages 218-9, which reads as follows:

Information.

"If any person over the age of seventeen years shall have carnal knowledge of any unmarried female of previous chaste character, between the ages of fifteen and eighteen years of age, he shall be deemed guilty of a felony, and upon conviction shall be punished by imprisonment in the penitentiary for a term not exceeding five years, or by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail not less than one month nor more than six months, or by both such fine and imprisonment, in the discretion of the court."

In passing upon the validity of foregoing information, we should keep in mind Section 22 of Article II. of our Constitution, which provides, among other things, that in criminal prosecutions the accused shall have the right, *"to demand the nature and cause of the accusation."* In other words, it provides, that the information shall specifically bring the defendant within *all* the material words of the statute, for it is the inflexible rule in criminal pleading that, in all indictments or informations for felonies, nothing can be left to intendment or implication. [State v. Wade, 267 Mo. l. c. 256; State v. Timeus, 232 Mo. 177; State v. Keating, 202 Mo. l. c. 204; State v. Birks, 199 Mo. l. c. 271; State v. Meysenburg, 171 Mo. 1; State v. Thierauf, 167 Mo. 429; State v. Hagan, 164

Mo. 654; State v. Furgerson, 152 Mo. 92; State v. Evans, 128 Mo. 406; State v. Austin, 113 Mo. l. c. 543; State v. Buster, 90 Mo. l. c. 518; State v. Gabriel, 88 Mo. l. c. 642; State v. Hayward, 83 Mo. l. c. 304 and cases cited; Schramm v. People, 220 Ill. 16; Hubert v. State, 74 Neb. 222; Wharton's Crim Pl. '& Prac. (9 Ed.) sec. 220; 1 Bishop's Crim. Procedure, secs. 81, 86, 88, 519.]

Reverting to the Act of 1913, page 219, we find that the information must, in order to meet the requirements of the law, specifically show the following: (1) That the person charged, must have been over seventeen years of age when the alleged offense was committed; (2) that the person charged had carnal knowledge of an unmarried female of previous chaste character; (3) that the latter, at the time of the offense, was between the ages of fifteen and eighteen years. Tested by the authorities heretofore cited, the information before us is fatally defective, in failing to allege that defendant, on February 25, 1917, was *over* the age of *seventeen* years. The averment, that defendant, on said date, was *over sixteen years of age,* was not equivalent to an allegation, *that he was then over seventeen years of age.* He may have been *over* sixteen at said date, and yet *less* than seventeen years of age. The information would have been as valid, without mentioning defendant's age, as to have stated it in the language of the complaint. If an information can be upheld without prerequisite number 1 supra, then either of the other two requirements, or both, might be dispensed with for the same reason. The defendant is charged with statutory rape, and has been convicted on an information which does not contain one of the material averments necessary to constitute the offense.

It is suggested in the brief of respondent that the testimony shows defendant was over seventeen years of age on February 25, 1917, and that he was not injured by reason of the failure of the complaint to so allege. In support of the above suggestion, we are cited to State v. Allen, 267 Mo. 49, and State v. Volz, 190 S. W. 307. We

do not think the facts in either of the above cases are similar to those at bar.

In State v. Allen, the information was filed on February 5, 1914, after Section 4472, Revised Statutes 1909, was amended by the Act of 1913, Laws 1913, pages 218-9. The prosecutrix was assaulted, according to the information, in March, 1913, while Section 4472, supra, was still the law of the State. The information alleged that defendant, at the time of said assault, was over seventeen years of age, while the prosecutrix was then alleged to be between fifteen and eighteen years of age. Now, the information having alleged, and the evidence having disclosed, that defendant in the Allen case was over seventeen years of age at the time of the offense, he was clearly brought, so far as his age is concerned, within the provisions of both Section 4472 supra and the amendatory Act of 1913. The information charged that the prosecutrix, at the date of the assault, was between fifteen and eighteen years of age. This was a sufficient allegation as to her age, under either Section 4472 or the present law. The evidence in above case disclosed that the allegations of the complaint were correct as to the respective ages of defendant and the prosecutrix. It was held that defendant had not been prejudiced by reason of the foregoing allegations in respect to the respective ages of defendant and the prosecutrix. In other words, as the information in the Allen case charged that defendant was over seventeen years of age, when he committed the assault, it would have been sufficient, as to his age, under either Section 4472 or the Act of 1913. This must necessarily be true, as the allegation of seventeen years, in regard to his age, would cover the sixteen years specified in Section 4472 supra.

In State v. Volz, no question was raised, or considered by the court, as to the sufficiency of the information. The court held in above case that an instruction, which required the jury to find that defendant was over sixteen years of age, was harmless, where the uncontradicted evidence fixed his age at twenty-one.

We are of the opinion that neither of the above cases cited deal with the subject now before us. To sustain the validity of the information at bar would not only be in contravention of the constitutional provision heretofore mentioned, but in direct conflict with the well established principles of law enunciated in the long line of well considered cases heretofore cited.

(a) In the case of State v. Allen, 267 Mo. 49, heretofore considered, at page 56, the court cited Section 5115, Revised Statutes 1909, known generally as the Statute of Jeofails, in support of its contention that defendant had not been prejudiced by the language of the information charging him with having been seventeen years of age, at the time of the alleged assault, when Section 4472, Revised Statutes 1909, authorized his conviction if he was over sixteen years of age. The court, in above case, did not hold that an information would be good under the present law, which failed to charge that defendant was over seventeen years of age when the assault was committed. Nor, on the other hand, does the Statute of Jeofails, supra, render valid an information, under the present law, which fails to aver that defendant, at the time of the assault, is over the age of seventeen years. [State v. Cline, 264 Mo. l. c. 419-20; State v. Woodward, 191 Mo. l. c. 631; State v. Green, 111 Mo. l. c. 588; State v. Meek, 70 Mo. l. c. 358; State v. Blan, 69 Mo. 317; State v. Pemberton, 30 Mo. 376.]

II. Defendant complains of the action of the court in sustaining the State's objection to a certain inquiry propounded to defendant's witness, Lee Boydston, on re-examination. In order to pass upon

**New Matter:**
**Cross Examination.** the question intelligently, we will give the whole of the re-examination of said witness by defendant, up to and including the question at issue, which reads as follows:

"Q. When was this medicine bought, when you were working for him (defendant)? A. Yes, sir.

"Q. And that was sometime between the 5th or 6th of February and the last of February? You quit the last day of February I believe? A. Yes, sir.

"Q. You wasn't getting any medicine for an abortion for this girl at this time was you? A. He didn't tell me what he was getting that for anyway.

"Q. Wasn't it something he got to use on the machine? A. He didn't tell me what he got it for.

"Q. He was asking you if Mr. Barnes here, Howard, didn't say something to you about sending him some word. I wish you would just tell us what it was, in your own way, what it was Barnes said to you if you can remember. A. I can't remember the exact words. Something like I told him.

"Q. The substance of it as well as you can remember. I would like to get your idea? A. I told Mr. Tadlock the best I could.

"Q. *Now can't you tell us just what it was Mr. Barnes said, as well as you can remember?*

"Mr. Tadlock: If the Court please, this is their witness. I don't think they ought to cross-examine.

"The Court: The objection will be sustained." (Italics ours.)

An exception was duly saved as to said ruling.

This witness was introduced by defendant for the purpose of showing that defendant was in Oklahoma on February 25, 1917, when the assault is charged to have occurred. Counsel for the State, as new matter, sought to show by the witness that defendant had bought certain medicine, and told witness, that if anything happened to the little girl to let him know. The witness answered the questions propounded by the State, in a very indefinite and uncertain manner, but left the impression that defendant had bought some medicine, and that he had requested witness to let him know if anything happened to the little girl. Witness was being re-examined by counsel for defendant, as to the new matter brought out by the State, when the above objection was sustained by the court. This evidence, if believed by the jury, was very damaging to defend-

ant, as it tended to corroborate the prosecutrix. The appellant had the right, as a part of his legitimate re-examination of his own witness, in respect to the new matter brought out by the State, to ask the witness the question ruled out by the court. It was neither leading, suggestive nor improper as to form. On an important matter of this character, he had the right to call upon the witness to state what was actually said, rather than leave the conclusion of the witness to stand as the evidence in the case.

As the cause will have to be re-tried, it is not necessary to consider this question further.

III. The Attorney General, in his brief, has called our attention to the erroneous judgment entered in this case. Defendant was charged with statutory rape, and

**Judgment.** according to the judgment was found guilty of seduction. Section 4478, Revised Statutes 1909, defines seduction under promise of marriage, but defendant was not charged in the information with any such offense. This would necessitate a reversal of the case in order that a proper judgment might be entered (State v. Duff, 253 Mo. l. c. 423), but as the case is being reversed and remanded for other reasons, we simply call attention to above, in order that a proper judgment may be entered, should the defendant be found guilty on a re-trial of the case.

IV. On account of errors heretofore mentioned, the case is reversed and remanded. *White* and *Mozley, CC.,* concur.

PER CURIAM.—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.